IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON

Assigned on Briefs February 7, 2006

## STATE OF TENNESSEE v. CAREY B. HAYNES, JR.

**Appeal from the Circuit Court for Dyer County**
**No. C04-418   Lee Moore, Judge**

**No. W2005-01184-CCA-R3-CD  - Filed April 3, 2006**

The appellant, Carey Haynes, Jr., was indicted by the Dyer County Grand Jury for one count of selling less than .5 grams of cocaine and one count of selling more than .5 grams of cocaine. After a jury trial, the appellant was convicted on both counts. The trial court sentenced the appellant to six years for the conviction for the sale of less than .5 grams of cocaine and twelve years for the conviction for the sale of more than .5 grams of cocaine. The trial court ordered the sentences to run concurrently to each other, but consecutively to several sentences for which the appellant was on probation at the time he committed the present offenses. After the denial of a motion for new trial, the appellant sought an appeal, arguing that he received ineffective assistance of counsel at trial. For the following reasons, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court is Affirmed**

JERRY L. SMITH, J., delivered the opinion of the court, in which DAVID H. WELLES, and NORMA MCGEE OGLE, JJ., joined.

Charles M. Agee, Jr., Dyersburg, Tennessee, for the appellant, Carey B. Hayes, Jr.

Paul G. Summers, Attorney General and Reporter; Preston Shipp, Assistant Attorney General; and Phillip Bivens, District Attorney General, for the appellee, State of Tennessee.

**OPINION**

Jason McCaslin of the Dyersburg Police Department received information from confidential informant Tim Bohannon that the appellant was selling cocaine. On April 7, 2004, Officer McCaslin met with Mr. Bohannon. They called the appellant on the telephone to arrange a meeting where Officer McCaslin would purchase an eighth of an ounce of cocaine from the appellant. Mr. Bohannon and Officer McCaslin arrived at the meeting place in a vehicle that was equipped with a video camera. When the appellant approached the vehicle on his bicycle, he tossed a small bag of

cocaine to Officer McCaslin through the passenger-side window.  In exchange for the cocaine, the officer gave the appellant money.

On May 13, 2004, Officer McCaslin and Mr. Bohannon again met with the appellant to purchase cocaine.  This meeting took place at the appellant's home.  When the two arrived at the appellant's home, the appellant met them outside and got into the passenger seat of the vehicle.  The vehicle was again equipped with a video camera.  The appellant produced a small bag of cocaine and handed it to Mr. Bohannon, who handed it to the officer.  Officer McCaslin gave money to the appellant.  They dropped the appellant off at a motel after the exchange.

In October of 2004, the appellant was indicted for one count of selling less than .5 grams of cocaine and one count of selling more than .5 grams of cocaine.  At trial, Officer McCaslin testified as to the events on April 7 and May 13, 2004.  The videotapes of the events were shown to the jury.

The jury also heard the testimony of Dana Rose, a forensic scientist with the Tennessee Bureau of Investigation Crime Laboratory.  Ms. Rose testified that the bags that the appellant sold to Officer McCaslin contained 1.9 grams and .4 grams of cocaine, respectively.

The appellant took the stand on his own behalf.  He testified that during the exchanges, he only spoke with Mr. Bohannon and did not provide anyone with drugs.  The appellant claimed that he got into the vehicle because Mr. Bohannon offered him drugs.  However, the appellant explained that he did not get to do any drugs with Mr. Bohannon because his girlfriend called and wanted to meet him.

After hearing the evidence, the jury found the appellant guilty on both counts.  At the sentencing hearing, the trial court sentenced the appellant as a Range II, multiple offender to six years for the sale of less than .5 grams of cocaine and to twelve years for the sale of more than .5 grams of cocaine.  The trial court ordered the sentences to run concurrently to each other, but consecutively to sentences in three cases for which the appellant was on probation at the time he committed the present offenses.

The appellant filed a motion for new trial in which he challenged the sufficiency of the evidence and his sentence as excessive.  The trial court denied the motion.  The appellant filed a timely notice of appeal.  On appeal, the appellant argues that he received ineffective assistance of counsel at trial because his trial counsel failed to call the confidential informant, Mr. Bohannon, as a witness.

Analysis

The appellant complains that he was denied the right to effective assistance of counsel at trial.  Specifically, the appellant contends that because "Mr. Bohannon was the only other eyewitness to the alleged drug sale other than the defendant and Dyersburg Police Officer Jason McCaslin," trial counsel should have called him as a witness because "the jury may have determined that Mr. Bohannon was the perpetrator of the drugs sales and not the defendant."  The State contends that the

issue is waived for failure to include it in the motion for new trial.

We have repeatedly warned that the decision to raise this issue on direct appeal is "fraught with peril." State v. Jimmy L. Sluder, No. 1236, 1990 WL 26552, at *7 (Tenn. Crim. App., at Knoxville, Mar. 14, 1990), perm. app. denied, (Tenn. 1990). The defendant risks having the issue resolved finally "without an evidentiary hearing which, if held, might be the only way harm could be shown - - a prerequisite for relief in ineffective trial counsel claims." Jimmy Wayne Wilson v. State, No. 909, 1991 WL 87245, at *6 (Tenn. Crim. App., at Knoxville, May 29, 1991).

In other words, claims of ineffective assistance of counsel are generally more appropriately raised in a petition for post-conviction relief rather than on direct appeal. See State v. Carruthers, 35 S.W.3d 516, 551 (Tenn. 2000); see also State v. Anderson, 835 S.W.2d 600, 606 (Tenn. Crim. App. 1992). Moreover, once the merits of an ineffective assistance of counsel claim have been addressed on direct appeal, the issue may not be revisited in a post-conviction proceeding. See Bobby Allen Joyner v. State, No. 03C01-9807-CR-00260, 1999 WL318832, at *2 (Tenn. Crim. App., at Knoxville, May 19, 1999), perm. app. denied, (Tenn. 1999). Thus, the better practice is to reserve the issue for a post-conviction proceeding in the event the direct appeal is unsuccessful. State v. Ricky Brandon, No. M2002-00073-CCA-R3-CD, 2002 WL 31373470, at *2 (Tenn. Crim. App., at Nashville, Oct. 15, 2002), perm. app. denied, (Tenn. Feb. 24, 2003).

The appellant claims that trial counsel was ineffective for failing to call the confidential informant as a witness at trial. This Court reviews a claim of ineffective assistance of counsel under the standards of Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975), and Strickland v. Washington, 466 U.S. 668 (1984). The petitioner has the burden to prove that (1) the attorney's performance was deficient, and (2) the deficient performance resulted in prejudice to the defendant so as to deprive him of a fair trial. Strickland, 466 U.S. at 687; Goad v. State, 938 S.W.2d 363, 369 (Tenn. 1996); Butler v. State, 789 S.W.2d 898, 899 (Tenn. 1990). The failure to prove either deficiency or prejudice justifies denial of relief; therefore, the court need not address the components in any particular order or even address both if one is insufficient. Goad, 938 S.W.2d at 370. In order to establish prejudice, the petitioner must establish a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694.

In order to determine whether counsel provided effective assistance, we examine whether counsel's performance was within the range of competence demanded of attorneys in criminal cases. Baxter, 523 S.W.2d at 936. The petitioner must overcome the presumption that counsel's conduct falls within the wide range of acceptable professional assistance. Strickland, 466 U.S. at 689; State v. Honeycutt, 54 S.W.3d 762, 769 (Tenn. 2001). Therefore, in order to prove a deficiency, a petitioner must show "that counsel's acts or omissions were so serious as to fall below an objective standard of reasonableness under prevailing professional norms." Goad, 938 S.W.2d at 369 (citing Strickland, 466 U.S. at 688).

There was no evidence presented at the hearing on the motion for new trial to support the appellant's claim that trial counsel was deficient because the issue was not raised in the motion for a new trial. This issue is waived. Tenn. R. App. P. 3(e); State v. Meade, 942 S.W.2d 561, 566 (Tenn. Crim. App. 1996) (holding failure to raise issue of ineffective assistance of counsel in motion for new trial waives the issue.)

## Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

_____
JERRY L. SMITH, JUDGE